No. 23,943.

THE KANSAS CITY LONG DISTANCE TELEPHONE COMPANY, *Appellee*, v. C. M. REED et al., as THE PUBLIC UTILITIES COMMISSION OF THE STATE OF KANSAS, and RICHARD J. HOPKINS, as Attorney-general, *Appellants*.

SYLLABUS BY THE COURT.

TELEPHONE RATES—*Fixed by Order of Public Utilities Commission—Temporary Injunction by District Court*. It is not error for a district court to grant a temporary injunction against an order made by the public utilities commission adjudging current telephone rates to be "just, reasonable, compensatory, and lawful," where the evidence submitted on the application for the temporary injunction tends to show that the rates are unjust and unreasonable and do not provide an adequate return on the property, according to the valuation placed upon it by its owners, and the order was made without certain evidence which the company, at the request of the

commission, had agreed to furnish and was made without notice to the company that it would be made at that time in the absence of the evidence requested.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed June 10, 1922. Affirmed.

*A. E. Helm, William A. Smith,* and *Randal C. Harvey,* all of Topeka, for the appellants.

*J. B. Tomlinson,* of Independence, *A. A. Godard, J. Arthur Myers,* both of Topeka, and *L. E. Durham,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to vacate and set aside an order made by the public utilities commission on August 27, 1921. The defendants appeal from an order granting a temporary injunction.

On October 12, 1920, the plaintiff, which operates a telephone system in the city of Independence, filed an application with the court of industrial relations, asking for permission to charge higher rates for telephone service in that city. On August 3, 1921, H. A. Russell, a member of the public utilities commission—that commission under chapter 260 of the Laws of 1921 having taken over the regulation of the rates of telephone companies—heard the application and then requested certain additional information and stated that a final order under the application could not be made until that information had been furnished by the plaintiff. The plaintiff agreed to furnish the information, but no time was fixed within which it should be furnished, although it was understood by Commissioner Russell that the information would be furnished in a week or two. The information asked involved much calculation. It had not been furnished on August 27, 1921, and on that day, without further notice to the plaintiff, findings and an order were made by the public utilities commission, as follows:

"That there is nothing in the evidence to enable the commission to determine that the rates now in effect and authorized to be charged by the said Kansas City Long Distance Telephone Company at its exchange in Independence, Kan., are not just, compensatory and lawful rates to be charged by said company.

"The Commission further finds that, assuming that the present rates are too low, then the applicant has failed to furnish evidence upon which this commission could base a fair, equitable and lawful rate for service by said company in said city of Independence.

"It is therefore by the commission considered and ordered, and the commission finds: That the present rates authorized and charged for telephone service by the Kansas City Long Distance Telephone Company in the city of Independence are just, reasonable, compensatory and lawful rates for the service rendered. The application is denied."

On the hearing of the application for a temporary injunction, the district court made findings of fact, the tenth finding of which was as follows:

"The testimony introduced at this hearing tends to show that the rates now in effect at plaintiff's exchange at Independence, Kan., are unjust and unreasonable and do not provide plaintiff with an adequate return upon the valuation placed by it upon its property used and useful at such exchange."

The defendants argue that the order made by the public utilities commission amounted to a dismissal of the application. So far as the rights of the plaintiff are concerned, this may be the effect of the order; the plaintiff has an undoubted right to present another application asking for an increase in its rates, but the order of the commission was not a dismissal of the application. The order was that the rates were "just, reasonable, compensatory, and lawful"— quite a different proposition from an order dismissing the application.

The commission had unqualified authority to ask for additional information, but sufficient time should have been given in which to furnish it. If the commission desired that it be furnished within a given time, that time should have been named, and the plaintiff should have been notified concerning it. The commission was not justified in making the order that it did make, without fixing a time within which the information should have been furnished and without notifying the defendant that the order would be made unless the information was given within that time.

There was evidence to support all that was said by the court in the tenth finding of fact. It is true that the finding does not state that the rates were unjust, unreasonable, or that they did not provide an adequate return on the property, but it was not necessary that the court should finally and conclusively find those facts before granting a temporary injunction.

The judgment of the district court granting a temporary injunction is affirmed.